UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x

ANNA ATHINEOS, and ALEX ATHINEOS,

    Plaintiffs,

  -against-

ANDROMEDA INVESTMENTS CO., LTD.,
and MARINE MANAGEMENT SERVICES,
LTD.,

    Defendants.

----------------------------------------x

13 Civ. 5076 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/15

## MEMORANDUM DECISION AND ORDER

McMahon, J.:

    The court has received a motion for yet another substitution of plaintiff's counsel.

    This case was filed in July of 2013. The complaint was the subject of two motions to dismiss. When I decided the second motion to dismiss in July 2014, I directed that all discovery be completed by December 31, 2014. (Docket # 47) In October, I agreed to extend that discovery deadline to January 31, 2015 – after it became clear that plaintiff's counsel had done little or no discovery. (Docket # 51)

    In December 2014, plaintiffs learned that their then-attorney had neither requested documents nor noticed any depositions. They retained Fred A. Schwartz, Esq., and Robert Gershman, Esq., who moved for leave to substitute in as counsel, and for a further extension of the discovery deadline, to March 31, 2015. (Docket # 56) New counsel had obviously done some homework and explained to the court precisely what discovery they proposed to take if the extension were granted. I granted that motion on January 5, 2015 -- except that I extended the discovery deadline only until February 28, 2015. (Docket #61) That date came and went; at a status conference held on February 27, 2015, the court decreed that discovery was over, and a schedule was set for post-discovery motion practice.

    On March 27, 2015, defendants filed a motion for summary judgment. (Docket # 73)

On April 27, 2015, Messers. Schwartz and Gershman moved for leave to withdraw, alleging "irreconcilable differences" with their clients over how the case should be handled. (Docket # 79) They made their motion three days before the due date for responsive papers in opposition to defendants' motion for summary judgment. Defendants immediately protested that there should be no extension of the time to respond to the summary judgment motion; defendants would have me decide the motion on default.

I have been given only the most bare-bones information about why this eleventh-hour-and-fifty-ninth-minute motion has crossed my desk. The nature of the conflict between counsel and their clients is not revealed (not even in an in camera filing). There is nothing from the plaintiffs themselves indicating that their preference for keeping or substituting counsel, and unlike the last time, there is no new lawyer waiting in the wings to jump into the case. Ordinarily I would schedule an immediate conference with counsel and their clients, to get to the bottom of the situation, but I am leaving the district today and will not be back until June 1.

I will hold a conference in this case with plaintiffs and their counsel only on the morning of Tuesday, June 2, 2015. Plaintiffs themselves MUST BE PRESENT AT THE CONFERENCE. Counsel should call my deputy clerk, Mariela de Jesus, to set up a time. Between now and then, plaintiffs should decide what their position is on the motion; if they agree that Messers. Schwartz and Gershman can no longer represent and they intend to hire new counsel they should be prepared to identify that counsel to this court. Discovery will NOT be reopened; new counsel will have to be prepared to respond to the pending motion for summary judgment by July 24 at the latest. If plaintiffs oppose the motion or cannot locate new counsel, I will have to rule on the purported conflict. If I find that continued representation by movants is impossible, plaintiffs may have to proceed *pro se.*

Whatever happens, the motion for summary judgment must be addressed this summer. A two year old case cannot be allowed to languish.

Dated: May 14, 2015

                                                                        /s/
                                                                        U.S.D.J.

BY ECF TO ALL COUNSEL